AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| United States of America<br>v.<br>Trenten Edward Barker,<br><br>*Defendant(s)* | Case No. 3:25-mj-00176<br><br>**SEALED** |

## CRIMINAL COMPLAINT
## BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  June 11, 2025  in the county of  Multnomah  in the District of  Oregon , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 844(f) | Arson of Federal Property; |
| 18 U.S.C. § 1361 | Depredation Against Federal Property. |

This criminal complaint is based on these facts:

Continued on the attached affidavit.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

_____ Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at  6:17 pm  a.m./p.m.

Date:  June 25, 2025

*Youlee Yim You*
*Judge's signature*

City and state:  Portland, Oregon    Hon. Youlee Yim You, U.S. Magistrate Judge
*Printed name and title*

3:25-mj-00176    

DISTRICT OF OREGON, ss:        AFFIDAVIT OF

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, _____ being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since January 2020. As a Special Agent of the FBI, I am authorized to investigate and enforce violations of the laws of the United States, collect evidence in cases in which the United States is or may be a party in interest, and perform other duties imposed by law. My current assignment is to the FBI Portland Field Office, Domestic Terrorism/Weapons of Mass Destruction Squad. In this capacity, I investigate a variety of violent criminal acts committed to further ideological goals. My training and experience included training at the FBI Academy in Quantico, Virginia as well as other specialized trainings I have taken throughout my career. As a result of my involvement in counterterrorism investigations, as well as my counterterrorism training, I am familiar with the tactics, methods, and techniques of persons engaged in terrorism-related offenses.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Trenten Edward Barker ("Barker") for Arson of Federal Property, in violation of 18 U.S.C. § 844(f), and Depredation Against Federal Property, in violation of 18 U.S.C. § 1361. As set forth below, there is probable cause to believe, and I do believe, that Barker committed Arson of Federal Property, in violation of 18 U.S.C. § 844(f), and Depredation Against Federal Property, in violation of 18 U.S.C. § 1361.

3. The facts set forth in this affidavit are based on the following: my own personal knowledge; information obtained from other individuals during my participation in this

investigation, including other state and federal law enforcement officers; interviews of witnesses; my review of records related to this investigation; communication with others who have knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for an arrest warrant, it does not set forth each fact that I or others have learned during this investigation.

### Applicable Laws

4.     Title 18, United States Code, Section 844(f) makes it a federal offense to maliciously damage or destroy, or attempt to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property that is owned by, leased to, or used in the performance of duties for the United States or any department or agency thereof. The statute applies to property whether it is owned outright by the federal government or merely used in the performance of federal functions.

5.     Title 18, United States Code, Section 1361 prohibits willful depredation against any property of the United States, or any department or agency thereof. The statute criminalizes any willful injury or destruction of government property and includes attempts to do so.

### Statement of Probable Cause

6.     Over the course of several days during the week of June 9, 2025, protesters assembled in front of and around the Immigration and Customs Enforcement ("ICE") building in the South Waterfront neighborhood of Portland, Oregon. The ICE building is located at 4310 S Macadam Avenue, Portland, Oregon 97239, with front access to the building on S Bancroft Street, as shown in *Picture-1* below.



*Picture-1: Historical photograph of ICE Building (pre-damage) –Front access on S Bancroft Street*

7.     The property at 4310 S Macadam Avenue, Portland, Oregon 97239 is leased by the federal government through the General Services Administration ("GSA").

8.     On Wednesday, June 11, 2025, Portland Police Bureau ("PPB") officers were monitoring a protest at the ICE facility. A Federal Protective Service Special Agent ("FPS Agent-1"),[1] was also monitoring the demonstration from inside the ICE building through the ICE facility security camera system and observed individuals actively vandalizing the building's exterior. At approximately 9:50 p.m., FPS Agent-1 observed a group of individuals begin constructing a barricade against the vehicle gate of the ICE building. Based on law enforcement review of surveillance video from the ICE building, the items used to barricade the vehicle gate consisted of a range of materials, to include but not limited to, roadway signs, traffic cones, cardboard, tree branches, logs, assorted pieces of lumber, tables, and electric battery-powered scooters.

---

[1] The identity of FPS Agent-1 is known to the affiant.

**Affidavit of** ▓▓▓▓▓▓▓▓▓▓▓▓▓ **Page 3**

9.　　A Law Enforcement Officer ("LEO-1") [2] was also present near the driveway of the ICE building. From their position in the crowd, LEO-1 was able to clearly observe multiple people barricading the vehicle gate of the ICE building, as described above.

10.　　At approximately 9:51 p.m., an individual dressed in all black wearing a backpack, later identified as Trenten Edward Barker, was observed on ICE building surveillance footage standing in the driveway of the ICE building near A-frame traffic barriers. Based on my training and experience, I know that individuals dress in "black bloc" (all black attire) to maintain anonymity and to avoid identification. At approximately 9:51:49 p.m., Barker, who was not wearing gloves, was seen retrieving a flare from his backpack which he lit and tossed with his right hand directly toward and onto the pile of materials stacked against the vehicle gate in the ICE building driveway. The lit flare that Barker threw was used as a heat source to ignite the materials stacked against the vehicle gate. Following this, other individuals were seen continuing to add items to the pile of materials stacked against the vehicle gate. FPS Agent-1 reported that several seconds after Barker threw the flare, growing flames could be seen in the pile of materials against the gate.

11. This was also observed on ICE building surveillance footage depicted in *Picture-2* and *Picture-3* below. On that surveillance footage, Barker can be seen throwing the flare, circled in red in *Picture-2* below. In *Picture-3* below, an additional security camera captured a different angle of the incident and showed the growing fire.

//

//

//

---

[2] The identity of the LEO-1 is known to the affiant.

**Affidavit of** ▬▬▬▬▬▬▬▬▬▬　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 4**



*Picture-2: Barker Throwing Flare Toward ICE Building Vehicle Gate*
*Camera C1-E15 (labeled "North Building")*



*Picture-3: Image of Debris/Materials Ignited by Flare*
*Camera C1-E3 (labeled "South East Fence – Smoking Area PTZ")*

12.     LEO-1 reported that the individual later identified as Barker lit the flare, threw it onto the debris pile, and then moved back into the crowd. Surveillance footage from the ICE building corroborated LEO-1's reporting, as it showed Barker moving back towards the crowd after throwing the flare onto the pile of materials. Based on my training and experience, I know that, upon committing a criminal act, individuals dressed in "black bloc" will try to return to a

**Affidavit of** ███████                                                                                                          **Page 5**

larger crowd to avoid detection by law enforcement.

13.     Additional review of ICE building surveillance footage by law enforcement showed no other individuals throwing flares or other heat sources onto the pile of materials, and no other potential heat sources were observed by LEO-1 or FPS-1.

14.     Federal officers within the ICE building grounds (behind the vehicle gate), were observed on surveillance footage from the ICE building attempting to extinguish the fire using a small hand-held fire extinguisher canister.  However, that attempt was ineffective, and the fire continued to grow.  Another officer was then observed using a second, larger fire extinguisher, and was able to fully extinguish the fire at approximately 9:55 p.m.  This was approximately three minutes after Barker was observed tossing the lit flare.  Law enforcement officers behind the vehicle gate were able to extinguish the fire before it spread to the ICE building.  *Picture-4* and *Picture-5* below show a portion of the damage to the gate from the fire after the debris was removed.

15. According to Metro Access Control, a security system installation service, the damage caused to the vehicle gate on the night of 06/11/2025, was estimated to be over $4,000.



*Picture-4:  Portland ICE Building Vehicle Gate Damage*

**Affidavit of** ███████████                                                                                              **Page 6**



*Picture-5: Portland ICE Building Vehicle Gate Damage (close-up)*

16.     LEO-1 saw the person later identified as Barker move into the crowd after throwing the lit flare. LEO-1 continued tracking Barker while Barker was in the crowd. LEO-1 described Barker as a smaller white male, wearing clear googles, a black t-shirt covering his face, and black tape covering the logo of his black backpack. LEO-1 observed that Barker did not have gloves on, and that Barker's skin was exposed and visible. LEO-1 reported that he briefly lost visual of Barker when Barker moved back into the crowd, however LEO-1 continued to scan the crowd and soon regained visual of Barker. LEO-1 stated that Barker was wearing the same clothing items and same backpack that LEO-1 previously observed, and that it was clear from Barker's overall appearance and stature that this was the same person that LEO-1 observed throwing the flare. LEO-1 continued to observe Barker and relayed Barker's location in the crowd to other law enforcement officers.

17.     Information was broadcast over a law enforcement radio that there was probable cause to arrest a subject, later identified as Barker, for reckless burning. The subject was

**Affidavit of** ███████████             Page 7

described as a white male wearing all black clothing carrying a black backpack containing an umbrella and a white water bottle in the outer pocket. *Picture-6* below is a still shot from the ICE building's security camera showing Barker wearing his black backpack, with a red flare and water bottle on the left side, shortly before he threw the flare. *Picture-6* below also depicts the strip of black tape affixed to the upper portion of the backpack, which was used to help identify Barker prior to his arrest. *Picture-7* below is of Barker's black backpack showing the same black strip of tape which was captured on PPB's body worn camera footage after Barker was taken into custody.



*Picture-6: Barker Wearing His Black Backpack with Strip of Black Tape Visible (Camera C1-E19 (labeled "Front of Gate House Low")*



*Picture-7: PPB Body Camera Footage Showing Barker's Backpack with Same Strip of Black Tape Visible*



*Picture-8: PPB Body Camera Footage Showing Barker's Clear Googles*

18.    At approximately 10:45 p.m., PPB officers moved into the crowd and arrested Barker. Prior to the arrest, PPB officers observed the subject, later identified as Barker, holding an opened black umbrella and in possession of the clear google shown above. *Picture-8* above depicts the clear googles captured on PPB Body Camera Footage. PPB officers approached Barker to arrest him, and he initially resisted, but ultimately complied with the PPB officers'

**Affidavit of** ▮▮▮▮▮▮▮▮▮▮    **Page 9**

commands. Barker was then handcuffed and escorted to a PPB custody car. Once at the car, Barker told officers his name was Trenten Edward Barker and provided his date of birth.

### Conclusion

19. Based on the foregoing, I have probable cause to believe, and I do believe, that Trenten Edward Barker committed the crimes of Arson of Federal Property, in violation of 18 U.S.C. § 844(f), and Depredation Against Federal Property, in violation of 18 U.S.C. § 1361. I therefore request that the Court issue a criminal complaint and arrest warrant for Trenten Edward Barker.

20. Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were reviewed by an Assistant United States Attorney ("AUSA"), and the AUSA advised me that in their opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

//
//
//
//
//
//
//

**Request for Sealing**

21.   It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant. I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may cause flight from prosecution, cause destruction of or tampering with evidence, or otherwise seriously jeopardize an investigation. Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

*By phone pursuant to Fed R. Crim. P. 4.1*

Special Agent, Federal Bureau of Investigation

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at  6:17 pm   on June   25  , 2025.

*Youlee Yim You*
HONORABLE YOULEE YIM YOU
United States Magistrate Judge